IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RICHARD ROSAS-BARBER
**Plaintiff**

v.

UNITED STATES OF AMERICA
**Defendant**

Civil No. 98-1041(PG)

[Related to Criminal No. 95-287(PG)]

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

On January 21, 1998, petitioner Richard Rosas-Barber (hereinafter "defendant") filed a motion to vacate sentence under 28 U.S.C. § 2255 (**Docket No. 1**). Defendant alleges that: (1) his conviction was obtained by a plea of guilty which was involuntary; and (2) he was denied effective assistance of counsel at the sentencing and post-conviction stages of his case (**Docket No. 1**).

For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the petition be **DENIED**.

### I.   FACTUAL BACKGROUND[1]

On September 15, 1990, William Negrón-Zapata (hereinafter "Negrón") met with Carlos Pagán-San Miguel (hereinafter "Pagán-San Miguel") and Luciano Mosquera (hereinafter "Mosquera") in Cabo Rojo, Puerto Rico. Pagán-San Miguel and Mosquera informed Negrón that they had fourteen (14) kilograms of cocaine available for sale, and that they were in need of customers. Thereafter, Negrón agreed to find someone to

---

[1] These facts are taken from the "Government's Version of the Facts" which accompanied the plea agreement (Criminal No. 95-287(PG), Docket No. 23). These facts were admitted by defendant and counsel at the Change of Plea Hearing (Criminal No. 95-287(PG), Docket No. 44).

purchase the cocaine. That afternoon, Negrón arranged for the sale of the cocaine to two individuals (hereinafter "the customers).

At approximately 7:30 p.m. that evening, Negrón met Pagán-San Miguel and Mosquera at Santos Pizza, a restaurant in Cabo Rojo. There were two men accompanying Pagán-San Miguel and Mosquera at that time. They were half-brothers named Richard Rosas-Barber (defendant) and Jaffeth Rosas-Pérez (co-defendant). At the restaurant, Negrón pulled Pagán-San Miguel aside and asked him about these two men. Pagán-San Miguel responded that these two brothers were the owners of the fourteen (14) kilograms of cocaine.

At approximately 8:30 PM, the five men left Santos pizza and went to a camping area. There they met the two customers. Negrón gave the confidential informant and the other man 10 kilograms of cocaine, and in turn the two customers paid one hundred and sixty thousand dollars ($160,000.00). The defendant and co-defendant were given one hundred thousand dollars ($100,000.00) for their role in this transaction.

## II. PROCEDURAL BACKGROUND

On September 13, 1995, a Federal Grand Jury issued an indictment against the defendant and the co-defendant (Criminal No. 95-287(PG), Docket No. 1). The indictment alleged that they "distribute[d] multi-kilogram quantities of cocaine, that is, quantities in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance" (*id.*). On September 14, 1995, defendant and co-defendant were arrested (Criminal No. 95-287(PG), Docket No. 3). That same day, attorney Carlos López de Azúa (hereinafter "attorney López de Azúa") entered his appearance on behalf

Civil No. 98-1041(PG) Page No. 3

of the defendant and represented him in a bail hearing (Criminal No. 95-287(PG), Docket No. 5). Thereafter, attorney López de Azúa represented the defendant throughout the course of these proceedings.

On March 8, 1996, the parties entered into a plea agreement (Criminal No. 95-287(PG), Docket No. 23). Pursuant to the plea agreement, the defendant agreed to plead guilty to the offense charged (*id.*, p.1). In exchange, the prosecution agreed that defendant would receive "a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines" (*id.*, p.2),[2] limited defendant's responsibility to that of possessing more than 400 grams but less than 500 grams of cocaine and stipulated that the base offense level applicable to the charged offense was twenty-four (24) (*id.*, p.3). The Government further agreed that defendant's base offense level would be reduced by three (3) levels, to twenty one (21), for defendant's acceptance of responsibility, and that therefore the applicable guideline imprisonment range was from thirty-seven (37) to forty-six (46) months (*id.*, pp. 3-4). The plea agreement also provided that, at the time of sentencing, the Government would recommend a sentence of (40) months of imprisonment (*id.*, p.4).[3] Finally, the plea agreement stated that, following the imposition of sentence in this case, a second case pending against defendant and filed under Criminal No. 95-103(CCC) would be dismissed (*id.*, p.4). The defendant placed his initials on each page of the plea agreement and signed the last page (Criminal No. 95-287(PG), Docket No. 23). A document entitled "Government's Version of the Facts" accompanied

---

[2] 18 U.S.C. § 3551 *et seq.*

[3] On the date of sentence this recommendation was modified to a term of 37 months of imprisonment (Criminal No. 95-287(PG), Docket No. 43, p. 4).

Civil No. 98-1041(PG)                          Page No. 4

the plea agreement (Criminal No. 95-287(PG), Docket No. 23). Following the execution of the plea agreement by all parties, the signed plea agreement, and the statement of facts were tendered to the Court. *See also* Criminal No. 95-287(PG), Docket No. 44: Transcript of Change of Plea Hearing.

The defendant then appeared before the Court in order to enter his guilty plea (Criminal No. 95-287(PG), Docket No. 23).[4] Initially, the Court asked the defendant if he was satisfied with the services his attorney had provided to him, and the defendant responded affirmatively (*id.*, p.6). Thereafter, the Court explained all of the rights related to a jury trial, and the defendant agreed to waive those rights (*id.*, pp.6-9). The Court then explained that, under the applicable statute, defendant would have to serve a minimum of 10 years in prison (*id.*, pp.9-10), but that under the Sentencing Guidelines, the Court was authorized to impose a sentence below the mandatory minimum (id., p.13).[5] Notwithstanding, with regard to his Guideline computation, the defendant was advised as follows:

> Mr. Richard, for the purposes of the computation in your case, you and the government agree that it is level 24 and that you will be granted three level reduction if you do accept responsibility as provided by Section 3E1.1, to give us a total offense level of 21; that you and the government further stipulate that you are responsible for more than 400 grams but less than 500 grams of cocaine and that with that amount of drugs, that the Sentencing Guideline range is from 37 to 46 months and that at the time of sentence, the government will

---

[4] The co-defendant, Jaffeth Rosas-Barber, also entered a guilty plea at that time (Criminal No. 95-287(PG), Docket No. 44).

[5] Section 5C1.2 of the Sentencing Guidelines authorizes a sentence below the statutory minimum under certain circumstances. The defendant was to provide some cooperation to the government and see if he met other criteria under U.S.S.G. § 5C1.2.

Civil No. 98-1041(PG)                                                                                           Page No. 5

> recommend to the court a sentence of 40 months. You understand that?

(*Id.*, p.15). The defendant responded affirmatively (*id.*, p.15).

Thereafter, the Court once again asked the defendant if he was satisfied with his attorney, and the defendant said that he was (*id.*, p17). The defendant also acknowledged that, except as provided in the plea agreement, "no other promises, terms or conditions" had been agreed upon by the parties, nor had any other promise been made in order to induce his guilty plea (*id.*, pp.19-20). At the Court's request, the prosecutor then reviewed the facts supporting the charged offense, and the defendant agreed that this recitation was accurate (*id.*, pp.21-25). The Court also read the elements of the offense to the defendant, and the defendant agreed that he was guilty of the offense charged (*id.*, pp.20-21). Following the entry of defendant's guilty plea, the case was continued for preparation of a presentence report and for sentencing (*id.*, pp.20,25-26).

A Probation Officer completed the presentence report on July 5, 1996. The presentence report reiterated that the Sentencing Guideline range was 37 to 46 months of imprisonment (presentence report, p.7). The report also informed the defendant that "the [sentencing] guidelines do not authorize a sentence of probation" (presentence report, p.8).

The sentencing hearing was held on January 10, 1997 (Criminal No. 95-287 (PG), Docket No. 43). At the beginning of the hearing, the Court asked the defendant if he had read the presentence report, and he responded affirmatively (*id.*, p.3). Thereafter, defense counsel made the following statement on his client's behalf:

> Very briefly, your Honor. My client encountered this situation several years ago. Although we are not trying to minimize the importance of this case nor the gravity of the offense, my client has maintained a pretty good record of conduct since that time and has made efforts to repair the damage done to the community. *Even though his level of assistance have (sic) not reached the requirements for a 5K1 recommendation from the government, he has in the past made efforts to assist the government in investigations of many types.* He is very sorry for what he had done and it is for that reason, Your Honor, that we have a joint recommendation that my client be sentenced to a period of incarceration of 37 months.

(*id.*, pp.3-4) (emphasis added). Thereafter, the prosecutor acknowledged that, although the plea agreement permitted him to recommend a prison sentence of 40 months, due to certain "developments", he had "agreed with counsel for defendant that the sentence be reduced by three more months, to 37 months, which is the bottom of the guideline range applicable to this case" (*id.*, pp.4-5). The Court then imposed a sentence of imprisonment for 37 months (*id.*, p.5) (Criminal No. 95-287(PG), Docket No. 39 and 40).

On January 21, 1998, defendant filed a motion to vacate sentence under 28 U.S.C. § 2255 (**Docket No. 1**). In his motion, defendant alleges that his attorney "assured" him that, due to his (the defendant's) cooperation with the prosecution, he would receive a probationary sentence, and that this assurance by his attorney induced him to plead guilty. Because he did not receive a probationary sentence, his plea was involuntary and, therefore, invalid (**Docket No. 1**, p.10). In addition, defendant alleges that his attorney's legal representation was ineffective, because the attorney failed to "bring out the extensive cooperation" that defendant provided to the government in other cases as a means to obtain a sentence reduction. Also, in his post-conviction motion defendant alleged that his attorney had promised that he would file a motion for sentence reduction

following the imposition of the 37-month prison sentence, and that the attorney failed to file such a motion (**Docket No. 1**, p.11).

### III. LEGAL STANDARD

#### A. Title 28 U.S.C. § 2255

Under §2255 of Title 28 U.S.C., a federal prisoner is allowed to move the sentencing court to vacate, set aside or correct the sentence imposed upon him. The statute provides four grounds upon which a court may grant the requested post-conviction relief: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *See Hill v. United States*, 368 US. 424, 426-427 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).

Once the court determines that movant's claims are properly brought under § 2255, petitioner is then obligated to demonstrate by a preponderance of the evidence that he is also entitled to an evidentiary hearing. *Barret v. United States*, 965 F.2d 1184 (1st Cir. 1992); *Robinson-Muñoz v. United States*, 819 F.Supp. 1136, 1141 (1933). A motion brought under § 2255 may be summarily denied without a hearing if the petition: (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). A §2255 motion is facially inadequate, and subject to summary denial, if the grounds for relief amount to "bald" assertions without sufficiently

Civil No. 98-1041(PG)                                                              Page No. 8

particular and supportive allegations of fact. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992); *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974).

## IV. DISCUSSION

### A. Voluntariness of Defendant's Guilty Plea

If a defendant's guilty plea has not been entered voluntarily, it has been obtained in violation of due process and is therefore void. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. McDonald*, 121 F.3d 7, 10 (1st Cir. 1997). In order to satisfy the due process guarantee, a guilty plea must be entered "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S., 742, 748 (1970); *United States v. Noriega-Millan*, 110 F.3d 162, 166 (1st Cir. 1997). If a guilty plea is induced by a promise upon which the defendant relies, the plea cannot be deemed voluntary unless that promise is fulfilled. *Santobello v. New York*, 404 U.S. 257 (1971); *Correale v. United States*, 479 F.2d 944, 946 (1st Cir. 1973).

If, as defendant claims, he was promised a probationary sentence, he must either receive such a sentence or else be permitted to withdraw his guilty plea. However, the record clearly shows that a probationary sentence would have been illegal in this case and that no such promise was made.

Federal Courts are bound by the requirements of the United States Sentencing Guidelines. *See Mistretta v. United States*, 488 U.S. 361, 391 (1989). Under the Sentencing Guidelines, sentences are computed by reference to a sentencing table. *See* 18 U.S.C.S. Appx. §5A. The table lists offense levels from one to forty-three. *Id.* For each offense level, there is a corresponding sentencing range. *Id.* Probation is not

available for any crime in which the minimum sentence or lower end of the applicable sentencing range is 12 or more months. *See* 18 U.S.C.S. Appx. §5C1.1(f). Rather, the law provides that, where the minimum term is 12 or more months, the offender must receive a sentence of imprisonment. *Id.* However, the Guidelines do contain an exception to this rule. Upon a motion by the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another culpable person, a sentencing court may depart from the guidelines. *See* 18 U.S.S.G. Appx. § 5K1.1 and 18 U.S.C. § 3553.

      Here, defendant acknowledged responsibility for distribution of at least 400 but less than 500 grams of cocaine, an offense which carries a base offense level of 24. *See* 18 U.S.S.G. Appx. §2D1.1. By virtue of his timely plea of guilty, thereby reflecting a complete acceptance of responsibility for his offense, defendant was entitled to have this offense level reduced by three levels, to an adjusted offense level of 21. *See* U.S.S.G. Appx. § 3E1.1. The sentencing table provides that an offense level of 21 coupled with a criminal history category (CHC) of I provides for a sentencing range of 37 to 46 months in prison. *See* 18 U.S.S.G. Appx. § 5A. Thus, as a matter of law, probation was precluded, and a prison sentence was mandatory.

      Furthermore, defendant was informed that he would receive a sentence of imprisonment. The plea agreement signed by the defendant apprised him that the sentencing range was from 37 to 46 months. The Judge reiterated this sentencing range as well during the change of plea hearing. The presentence report also informed the defendant that prison was mandatory, and that probation was prohibited by law. (*See*

Civil No. 98-1041(PG) Page No. 10

Criminal No. 95-287(PG), Docket No. 23, Docket No. 44 at p.15, Docket No. 43 at pp. 4-5.)

More so, at the change of plea hearing petitioner was specifically asked to explain his understanding of the maximum possible penalties that could be imposed upon him. Rosas-Barber clearly answered that "a minimum penalty of ten years, a maximum of life, a fine of not more than four million dollars, five years of supervision and $50 special monetary assessment." (Criminal No. 95-287(PG), Docket No. 44 p. 10) Thus, defendant knew that statutory provisions precluded all possibilities for a probationary term and that if the maximum term was to be imposed, he was entitled to withdraw his guilty plea. *Id.*, p.13.

Inasmuch as the adjustment to which the parties had agreed apparently left the doors open for defendant's possible cooperation with law enforcement authorities, the Court went one step further and advised the defendant as follows:

> The Court: . . . and in the case of Mr. Richard, <u>if you do not qualify</u> under the statute on that section [§ 5C1.2], that the term of imprisonment will be 120 months. Do [each one of] you understand this?
>
> Richard Rosas: Yes, sir.

(Criminal No. 95-287(PG), Docket No. 44 pp. 15-16) (emphasis added).

Defendant claims that he rendered substantial assistance to authorities, and that his attorney informed him that, pursuant to § 5K1.1 of the Sentencing Guidelines, he would be entitled to a departure and, consequently, to a lower sentence. However, this claim is not supported by the record. What is more, under § 5K1.1, the responsibility

of certifying a defendant's substantial cooperation with the government, while requesting a departure from any statutory or sentencing guideline range, lies within the attorney for the government. It is worth noting that in petitioner's case the government did not certify the existence of substantial cooperation nor did the U.S. Probation Office identify any grounds making a departure warranted (presentence report at p.14). *See*, The government's best argument turns on the relationship of the safety valve statute to the preexisting provisions for a substantial assistance departure. From the outset, a departure below the statutory minimum sentence has been allowed where the prosecutor moves the court for such a departure on the ground that the defendant has furnished substantial assistance to the government. § 18 U.S.C. 3553(e); § U.S.S.G. 5K1.1. The decision to move, with few qualifications, is committed to the prosecutor's discretion. *United States v. Montañez*, 82 F.3d 520, 522 (1st Cir. 1996); *Carey v. United States*, 50 F.3d 1097, 1101 (1st Cir. 1995). To the contrary, the government had agreed to recommend an imprisonment term of 37 months as the proper sentence in the case (Criminal No. 95-287(PG), Docket Nos. 43 and 44). Finally, we must note that, at the change of plea hearing, defendant acknowledged that, except as provided in the plea agreement, "no other promises, terms or conditions" had been agreed upon by the parties, nor had any other promise been made in order to induce his guilty plea (Criminal No. 95-287(PG), Docket No. 44, p.12).

On this record, the defendant's claim that he believed he would receive a sentence of probation must be deemed incredible. Therefore, we reject defendant's claim that his plea was involuntary.

Civil No. 98-1041(PG)                                                                                    Page No. 12

### B. Ineffective Assistance of Counsel

The U.S. Supreme Court has set forth a two-prong test to determine whether a defendant has been denied a Sixth Amendment right to counsel. A conviction may be set aside because of ineffective assistance of counsel if (a) considering all the circumstances, counsel's performance fell below an objective standard of reasonableness, and (b) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *accord*, *Panzardi-Alvarez v. United States*, 879 F.2d 975, 982-83 (1st Cir.1989). The burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence. *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1983).

### 1. Allegation of Ineffective Assistance of Counsel Prior to Sentencing

Defendant maintains that, prior to imposition of sentence, his attorney "did not bring out the extensive cooperation [he] gave the government." This allegation is unfounded. The record reflects that at the time of defendant's plea in March of 1996, the plea agreement called for the prosecutor to recommend a 40-month prison sentence at the time of sentencing. However, by the time of the sentencing hearing, defense counsel had convinced the prosecutor to recommend a 37-month sentence, due to his client's assistance to authorities. Defense counsel in open court while in petitioner's presence acknowledged that petitioner's assistance was not "substantial," but believed that it was significant enough to merit the minimum sentence permitted under the Guidelines, absent a departure. The sentencing Court accepted the prosecutor's recommendation which was

Civil No. 98-1041(PG)                                                                                    Page No. 13

presented as a "joint" request and imposed the minimum sentence of 37 months of imprisonment.

As noted above, upon a motion by the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another culpable person, a sentencing court may depart from the guidelines. *See* 18 U.S.S.G. Appx. § 5K1.1. However, in the absence of a government motion, a sentencing court may not depart downward under § 5K1.1 to reward a defendant's assistance to the authorities. *United States v. Romolo*, 937 F.2d 20, 23 (1991). Thus, where defense counsel is aware that his client has assisted authorities in some manner, he should seek sentencing concessions from the prosecutor, as the court has no authority to act on its own initiative, under § 5K1.1, without government approval.

Here, there can be no question that defense counsel did seek sentencing concessions from the prosecutor, because the prosecutor agreed to the 3-month sentence reduction prior to the sentencing hearing. Therefore, contrary to defendant's assertion, his attorney did "bring out" defendant's assistance to the government and persuaded the Court to have him sentenced at the lower end of the sentencing range. Because defense counsel acted in a reasonable manner, defendant has failed to meet his burden under the first prong of the *Strickland* test. Furthermore, even if counsel failed to discuss every detail of his client's cooperation with the government, it must be assumed that the prosecutor assigned to defendant's case possessed independent knowledge of any assistance that defendant had rendered in the investigation or prosecution of other

Civil No. 98-1041(PG)                                                                      Page No. 14

persons. Under this scenario, it was the government's responsibility to so inform the Court.

Finally, we must note that, although defendant asserts that he provided "extensive cooperation" in other cases, he provides no particulars regarding the information that he allegedly provided. As noted above, a § 2255 petition is insufficient where it contains mere "bald" assertions. *See Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992). For all of these reasons, we conclude that defendant's allegation of ineffective assistance prior to sentencing is both inadequate of its face, and conclusively refuted by the files and records of the case.

### 2. Allegation of Ineffective Assistance After Sentencing

Defendant also contends that following the imposition of sentence in this case, his attorney "promised he would try and get [the] sentence reduced by filing some motions with the Court, but he lied . . . and didn't file anything." This claim does not warrant relief.

Following the imposition of sentence, a sentencing court may reduce the defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b) under a very limited scenario. Rule 35(b) provides as follows:

> If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. §994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence

Civil No. 98-1041(PG)                                                                 Page No. 15

> is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

By the plain language of this rule, resentencing is permitted only on the government's motion, and only if the defendant rendered substantial assistance after sentencing. *United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994); *see also United States v. McAndrews*, 12 F.3d 273, 278 n.9 (1st Cir. 1993). Here, the defendant does not allege that he rendered substantial assistance *after* sentencing. Moreover, even if he had done so, his attorney was not authorized to file a motion for sentence reduction, as such motions can only be filed by the government. Therefore, defense counsel was not obligated to file a sentence reduction motion on the defendant's behalf.

### IV. CONCLUSION

After analyzing petitioner's allegations, we conclude that his § 2255 motion is meritless. Therefore, this Magistrate-Judge **RECOMMENDS** that petitioner's motion under § 2255 (**Docket No. 1**) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 504.3 of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.

1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 26th day of October, 1999.

*[signature]*
**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**